UNITED STATES of America, Appellee,

v.

ONE HUNDRED FOUR THOUSAND SIX HUNDRED SEVENTY–FOUR DOLLARS ($104,674.00); Appellant,

Joseph B. Leandre, Appellant,

Carmel Okolie, Appellant.

No. 93–2193.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided Feb. 28, 1994.

Counsel who represented the appellant was Charles G. White of Miami, FL.

Counsel who represented the appellee was Daniel E. Meuleman, AUSA, of St. Louis, MO.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* Chief District Judge.

BEAM, Circuit Judge.

Marie Carmelle Okolie [1] and Joseph Leandre appeal from a default judgment of forfeiture entered by the district court on March 3, 1993. We affirm.

The currency was seized from Okolie at the St. Louis Airport on August 15, 1990. On July 18, 1991, the government filed a verified complaint of (civil) forfeiture under 21 U.S.C. § 881 in the district court and obtained a warrant for arrest of property pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (Rule C). In the complaint, the government identified Okolie as one of two potential claimants of the money. Michael Okolie, Marie's husband, was the other named individual. Appellants admit that both Marie and Michael were personally served notice of the forfeiture proceeding. On August 9, 16 and 23, 1991, public notice of the seizure and forfeiture action was published in the *St. Louis Post Dispatch*. The warrant served on the Okolies and the notice published in the newspaper set forth the requirements for contesting forfeiture and the deadlines established for the filing of any claims or objections.

The Okolies were later the subjects of a criminal indictment charging conspiracy to distribute cocaine and Michael alone was charged with two counts of engaging in financial transactions involving proceeds of drug commerce. One of the overt acts alleged in the money charges involved the currency seized from Marie on August 15, 1990. On May 4, 1992, Michael entered a plea of guilty to all three counts. As part of his plea agreement, the conspiracy charge against Marie was dismissed.

On August 28, 1991, a motion for extension of time to file verified claim and answer was filed. The motion, asking for a thirty-day extension, was filed on behalf of "Michael Okolie, Carmel Okolie, Reymic Trade, Inc., Caribbean Distribution Centre, Inc., Masaba Kogoyo, Inc., John Doe # 1, John Doe # 2 and John Doe # 3." The district court sustained the motion and extended the filing date until November 18, 1991.

Thereafter, the named and anonymous claimants filed a request for stay pending resolution of the criminal action. Then, on July 30, 1992, Leandre appeared and submitted a *pro se* "Claim for Said Property" on behalf of himself and other individuals. Eventually, counsel who filed the August 28 motion for extension of time also entered an appearance for Leandre and currently represents both appellants in this court.

■ Since the July 30 filing, Okolie and Leandre have submitted to the district court a number of papers. None of them, however, appear to comply with all of the requirements of Rule C(6). Specifically, the purported claims were not filed in a timely manner or with court permission for an out-of-time filing. The submissions also make only a general attempt to state the nature of the interest being asserted by Leandre.

The district court, indeed, found that the claims did not comply with Rule C(6) and we concur with this conclusion. We also agree

---

* The HONORABLE LYLE E. STROM, Chief United States District Judge for the District of Nebraska, sitting by designation.

1. This case is captioned as "Carmel Okolie, Appellant." We note from the record before us that Carmel Okolie is also known as Marie Carmelle Okolie.

with the government that the various papers filed or submitted by appellants did not comply with either the time or content requirements of the rule. Therefore, entry of final judgment by default, pursuant to the government's Federal Rules of Civil Procedure 55(b)(2) motion, was proper.

■ Appellants argue, without explaining why they did not seek to strictly comply with Rule C(6), that the district court could have reasonably discovered the required information from among the proffered details. They also claim "excusable neglect" for noncompliance. *United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir.1991). They further ask for a liberal construction of their "pleadings and procedural practices" to avoid an absence of "equity and fairness", citing *United States v. One Parcel of Real Property*, 942 F.2d 74 (1st Cir.1991).

On their facts, we find *Borromeo* and *One Parcel* to be inapposite to this case. Of more importance is our previous holding that "[i]t is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)." *United States v. One Parcel of Property*, 959 F.2d 101, 104 (8th Cir.1992). The shortcomings in appellants' pleadings and procedures are amply and accurately set forth in the order of the district court dated January 19, 1993, and in the default judgment entered on March 3, 1993. Nothing will be gained by repeating here the reasons advanced by the district court.

We find no errors of law, erroneous determinations of fact or abuses of discretion on the part of the district court. Accordingly, the judgment of the district court is affirmed.