Jay Thomas **WIDMER–BAUM**, Plaintiff,

v.

Sally **CHANDLER–HALFORD**,
et al., Defendants.

No. C 95–3038.

United States District Court,
N.D. Iowa,
Central Division.

July 24, 1995.

§ 1983 applies to the class members.

Plaintiff Jay Thomas Widmer–Baum prosecuted this action pro se.

Assistant Attys. Gen. of the Iowa Atty. General's Office, for defendants.

## TABLE OF CONTENTS

| | | | |
|---|---|---|---:|
| I. | BACKGROUND | | 547 |
| II. | LEGAL ANALYSIS | | 549 |
| | A. | The Analytical Framework | 549 |
| | B. | The Factors In The Court's Calculus | 550 |
| | | 1. "Marginal" untimeliness of defendants' answer | 550 |
| | | 2. Rule 60(b) grounds for setting aside default judgment | 551 |
| | | 3. The weight of the factors | 552 |
| | | 4. The factors here | 553 |
| | | a. "Willfulness" of defendants' default | 553 |
| | | b. Prejudice | 555 |
| | | c. Defendants' "meritorious defense" | 557 |
| | | d. Other factors | 558 |
| | | e. The balancing of the factors here | 558 |
| III. | CONCLUSION | | 558 |

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

BENNETT, District Judge.

On June 15, 1995, upon proper requests pursuant to *Fed.R.Civ.P.* 55(a) and (b) by the prisoner prosecuting *pro se* this complaint pursuant to 42 U.S.C. § 1983, the Clerk of Court entered a default against all defendants in this matter. On June 16, 1995, this court, finding that defendants had failed without good cause to plead or defend, entered default judgment. Defendants have now moved to set aside that default judgment pursuant to *Fed.R.Civ.P.* 55(c) and 60(b), asserting good cause on the grounds of excusable neglect, lack of prejudice to plaintiff, and defendants' claim of a meritorious defense. The court is therefore compelled to explore the relative weight given to the factors pertinent to the decision of whether or not to set aside a default judgment, and, upon application of the resulting calculus, to determine whether or not to set aside the default judgment in this matter.

### I. BACKGROUND

Plaintiff Jay Thomas Widmer–Baum, who is prosecuting this action *pro se,* filed the complaint in this matter pursuant to 42 U.S.C. § 1983 on May 1, 1995. Widmer–Baum, who was incarcerated at the North Central Corrections Facility (NCCF) in Rockwell City, Iowa, alleged retaliatory transfer to the NCCF from the Iowa Medical and Classification Center (IMCC) in Oakdale, Iowa, and denial of access to the courts in the form of provision of inadequate legal materials at the NCCF. Widmer–Baum is now incarcerated at the Mount Pleasant Correctional Facility in Mount Pleasant, Iowa. Pursuant to this court's initial review order, Widmer–Baum's complaint was allowed to proceed only on the claim of denial of access to the courts.[1]

Between May 8 and May 19, 1995, all remaining defendants executed waivers of service of summons pursuant to *Fed.R.Civ.P.* 4, and returned such waivers to the United States Marshal. The Marshal received the waivers of summons between May 11 and May 25, 1995. The waivers were filed with the court on May 18, May 22, and June 1, 1995. The waiver of summons signed by each defendant or the defendant's counsel, states, in pertinent part, that

> I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 5–1–95 or earlier if ordered by the court, or within 90 days after the date if the request was sent outside the United States.

Pursuant to the court's initial review order, defendants were required to answer the complaint in this matter on or before May 31, 1995. They did not do so.

On June 8, 1995, plaintiff sought entry of default by the Clerk of Court pursuant to *Fed.R.Civ.P.* 55(a) and applied to the court for entry of default judgment pursuant to *Fed.R.Civ.P.* 55(b). The Clerk of Court entered default as requested on June 15, 1995. On June 16, 1995, finding that, to date, defendants had not appeared, answered, or otherwise defended, this court entered default judgment against all defendants and in favor of Widmer–Baum. The court concluded that neither the Clerk of Court nor the court itself was required to delay entry of default or default judgment pursuant to *Fed.R.Civ.P.* 55 where no defendant had appeared, because the answer or response to the complaint was already overdue, and plaintiff had made the required showings of entitlement to entry of default. The court observed that "to all appearances the failure to answer here has been willful." Order Granting Default Judgment, p. 7 (hereinafter "Order"). The initial review order plainly specified the date

---

1. As a result of dismissal of Widmer–Baum's claim of retaliatory transfer, all claims against the following defendants, all officials at the IMCC, were also dismissed from the case: Rusty Rogerson, Lowell Brandt, Larry Hardy, John Spence, and Meg Baron. The defendants against whom the claim of denial of access to the courts was made were officials of the Iowa Department of Corrections or the NCCF. The remaining defendants are Sally Chandler–Halford, Jim McKinny, John Ault, Terry Hawkins, Stacy Corey, and Susan Doehrman.

by which defendants were required to answer or otherwise defend, and the court stated that it doubted

> that a reasonable argument can be made that defendants misunderstood or miscalculated the date by which action was required. Failure to recognize the necessity of responding to the complaint in timely fashion here suggests not merely inadvertence, *Swink [v. City of Pagedale],* 810 F.2d [791,] 793 [ (8th Cir.), *cert. denied,* 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987) ], but negligence or worse.

Order, p. 7. Further, the court found that, because the court had initially set a reasonable period within which to answer, any delay in pleading or responding to the complaint, without the assertion of any grounds or explanation, resulted in an excessive delay in the vindication of the plaintiff's rights. The court also found that Widmer–Baum would be prejudiced by the failure of the court to enforce its own order requiring defendants to respond by the date specified, and the court refused to speculate that defendants might have a meritorious defense in the absence of any appearance or other response to the complaint, "when [defendants] failure to assert any defense appears to be willful." Order, p. 8. The court therefore entered default judgment in favor of Widmer–Baum, but found that this case fell within the provisions of *Fed.R.Civ.P.* 55(b)(2), which provide that the court may conduct a hearing to determine relief upon the entry of default judgment. It is this June 16, 1995, order entering default judgment that defendants now seek to set aside.

On June 21, 1995, defendants finally entered the picture by filing a request to file an answer out of time and a resistance to Widmer–Baum's motion for default. In the resistance to plaintiff's motion for default, defendants' counsel stated that she had "negligently" failed to recognize that an answer was due in this case, because it was substantially earlier than the deadline set for answering two other lawsuits assigned to counsel the same day, but filed in the Southern District of Iowa. On July 7, 1995, defendants moved to set aside the default judgment.

Defendants assert that the default judgment should be set aside because the default was not "willful." Defendants assert that the court found that defendants had willfully failed to answer solely on the basis of the defendants' return of acknowledgments of service and identification of the deadline for answering in the initial review order, but without the benefit of defendants' resistance to the motion for default. Defendants therefore provide documents indicating what steps defendants' counsel took to prepare to answer the complaint in this matter as indicating defendants' recognition of the necessity of responding to the complaint in a timely fashion. These steps included sending a very brief request to defendant John Ault for "any grievances or other documents which would be individual to this inmate," and indicating that counsel had "the other material that I need to answer the complaint." This memorandum indicates that the answer in this case "is due June 18, 1995." The record does not reveal that counsel contacted any other defendants. However, counsel was contacted by defendant Haskins about Widmer–Baum's filing of the motion for default, but from checking her information on the case, counsel determined that the answer was not yet due. It is not clear from counsel's affidavit submitted in support of the motion to set aside default judgment precisely what information counsel consulted in making her determination that the answer was not yet due. The proper due date for answering, however, was stated in the court's initial review order and plaintiff's affidavit in support of his request for entry of default. Defendants have also provided several exhibits that show what steps counsel took to investigate *other* cases assigned to her at approximately the same time. Counsel asserts that she intended to file a timely answer in this matter, but that her failure to do so was based on "mistakenly" assigning the wrong due date to the answer in her records. Defendants point out that they did eventually resist the motion for default and filed a motion for leave to file an answer out of time, and that they had no intention of evading court directives, absconding from the court's jurisdiction, or frustrating plaintiff's efforts to litigate his claims.

Defendants also assert that Widmer–Baum cannot demonstrate prejudice. Defendants assert that if prejudice can be shown by "the court's failure to enforce its own order," then every case where default was sought would require the court to enter judgment in favor of the party seeking the default. Defendants contend, without citing any authority, that this is not the type of prejudice contemplated by decisions in other cases involving default judgments. Defendants also assert that any delay in answering, which they calculate to have been between 18 and 24 days, was not excessive or groundless in light of their resistance to the default, which was not yet filed when the court entered default judgment, and the fact that any delay did not interfere with Widmer–Baum's ability to litigate his claim. Finally, defendants assert as a meritorious defense the NCCF's alternatives for providing adequate legal materials not actually present in its law library.

## II. LEGAL ANALYSIS

### A. The Analytical Framework

■ Fed.R.Civ.P. 55 provides for default as follows:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered [in circumstances not present here, by the clerk, and in all other cases by the court].

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Thus, the standards applicable to setting aside a default are the same as those stated in *Fed.R.Civ.P.* 60(b). *United States on behalf of Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) ("Under Fed.R.Civ.P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect)."); *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir.1987) (party may be relieved of default judgment on one of grounds stated in Rule 60(b)). *Fed.R.Civ.P.* 60(b) provides, in pertinent part, for relief from judgments or orders as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..., or (6) any other reason justifying relief from the operation of the judgment....

A district court should grant a Rule 60(b) motion or motion to set aside a default pursuant to that rule "only upon an adequate showing of exceptional circumstances." *United States v. Tracts 10 & 11 of Lakeview Heights, Tx.*, 51 F.3d 117, 120 (8th Cir.1995); *Hoover*, 823 F.2d at 230 (relief under Rule 60(b) from default judgment is an "extraordinary remedy" that allows court to maintain balance between the "sanctity of final judgments" and "justice" being done); *see also Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (finding that although the same factors are considered for setting aside entry of default, as distinguished from entry of default judgment, in the latter case the application of the test affords relief in "much more limited and stringent" circumstances). Where relief from the judgment is sought under the "catch-all" ground provided by *Fed.R.Civ.P.* 60(b)(6), relief is still available only in "extraordinary circumstances," even though the clause "provides 'a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d Cir. 1994) (quoting 7 Moore's Federal Practice ¶ 60.27[2], at 295 (2d ed.1993)); *but see Information Sys. & Networks Corp.*, 994 F.2d at 796 (concluding that extraordinary circumstances are required for relief pursuant to Rule 60(b)(1), but not pursuant to Rule 60(b)(6)).

■ A court's entry of default judgment or refusal to set it aside will be reversed only for abuse of discretion. *Tracts 10 & 11*, 51 F.3d at 120; *Harre*, 983 F.2d at 130 ("Both the entry of a default judgment and the

ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court," citing *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir.1977) (*per curiam*)); *Hoover*, 823 F.2d at 230 (grant or denial of Rule 60(b) motion to set aside default is reversed only for abuse of discretion); *Swink v. City of Pagedale*, 810 F.2d 791, 792 (8th Cir.) (entry of a default judgment is a matter in the trial court's discretion), *cert. denied*, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987); *see also O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994) (review is for abuse of discretion, and that discretion is broader where review is of setting aside entry of default rather than default judgment); *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir.1994) (grant of default judgment is reviewed for abuse of discretion). A number of courts have held that the review of a district court's decision on a motion to set aside default judgment should be accorded heightened deference. *See, e.g., Jones*, 39 F.3d at 162 (describing the review as "exceedingly deferential" and "limited to discerning whether the district court abused its discretion" to the extent that "no reasonable person could agree with the district court's decision" and describing the hurdle thereby created as "nearly insurmountable"); *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993); *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 455 (10th Cir.1993) (appellate court "will reverse a district court's denial of a Rule 60(b) motion only if the court abused its discretion, and 'we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong,'" quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir.1990)); *but see Information Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed.Cir.1993) ("When a court has denied a party's motion to be relieved from default judgment, 'a "glaring abuse" of discretion [has] not [been] required for reversal of a court's refusal to relieve a party of the harsh sanction of default,'" quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)). The court therefore turns to consideration of whether, in its sound discretion, it finds that the default judgment in this matter should or should not be set aside.

## B. The Factors In The Court's Calculus

### 1. "Marginal" untimeliness of defendants' answer

Obviously, to be in default, a party must have failed to answer or at least failed to file a timely answer. *Fed.R.Civ.P.* 55(a) & (b). Defendants assert, *inter alia*, that their answer was only eighteen to twenty-four days late, and therefore only marginally untimely. The courts of this and other circuits appear to display some ambivalence about the impact of mere untimeliness on the entry of a default judgment. For example, the Eighth Circuit Court of Appeals has stated that it rejects the appropriateness of granting default judgment for "a marginal failure to comply with the time requirements." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (twenty-two days late); *Harre*, 983 F.2d at 129–30 (twelve days late). In *Harre*, the Eighth Circuit Court of Appeals specifically distinguished between mere marginal failure to respond on time and default judgment imposed for "willful violations of court rules, contumacious conduct, or intentional delays." *Harre*, 983 F.2d at 130; *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1332 (8th Cir.1988) (entry of default judgment requires "clear record of delay or contumacious conduct"); *accord Ehlers*, 8 F.3d at 783 ("'a technical error or a slight mistake' by a party's attorney should not deprive the party of the opportunity to present the merits of his claim," citing *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam), and contrasting such "technical errors" with an attorney's negligent failure to respond to a motion, which does not constitute excusable neglect, citing *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986)); *Information Sys. & Networks Corp.*, 994 F.2d at 796 (excusable neglect was meant to encompass negligence in failure to answer).

However, without mentioning willfulness, contumacious conduct, or intentional delay, the Eighth Circuit Court of Appeals has upheld default judgments where a rule or court

order unambiguously specified the time within which an answer or other action must be taken, and the persons seeking relief from the default judgment did not meet the deadline. *See, e.g., Tracts 10 & 11,* 51 F.3d at 120 (where a forfeiture rule unambiguously required claimants of property seized for forfeiture to file a claim "within 10 days after process has been executed" unless otherwise allowed by the court, and to "serve an answer within 20 days after the filing of the claim," but the claimant did neither until approximately five weeks after the arrest in rem of the property the government sought to forfeit, entry of default judgment was not an abuse of discretion); *United States v. $104,674.00,* 17 F.3d 267, 268–69 (8th Cir. 1994) (also affirming entry of default judgment of forfeiture for failure to comply with forfeiture time and content rules).

In the present case, at the time the court entered the default judgment, defendants' answer was sixteen days late according to the deadline for answering specified in the court's initial review order and the defendants did not offer to answer until twenty-one days after the court-specified deadline. Although the Eighth Circuit Court of Appeals has appeared willing to enter default judgments in similar circumstances, *Tracts 10 & 11,* 51 F.3d at 120; *$104,674.00,* 17 F.3d at 268–69, the court will nonetheless consider a number of other factors besides defendants' tardiness or failure to answer in determining whether or not to set aside a default judgment, to make sure that defendants' failure to answer was not merely a "marginal" failure. *Oberstar,* 987 F.2d at 504; *Harre,* 983 F.2d at 129–30.

### 2. *Rule 60(b) grounds for setting aside default judgment*

Defendants also assert that their failure to make timely answer or other response to the complaint in this matter resulted from the "excusable neglect" of counsel for the proper answer deadline. *Fed.R.Civ.P.* 60(b)(1). The Seventh Circuit Court of Appeals has held that relief from a default judgment under *Fed.R.Civ.P.* 60(b)(1), "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing the default judgment." *Jones,* 39 F.3d at 162. Courts have therefore consistently identified three factors the defaulting party must establish in order to be entitled to relief from a default judgment on the ground of "excusable neglect": (1) the defaulting party's default was not willful; (2) the defaulting party has a meritorious defense to the opposing party's claim; and (3) the opposing party will not be prejudiced by setting aside the default. *See, e.g., Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C.Cir.1995); *O'Connor,* 27 F.3d at 364 (these three factors are the further showing that must be made to set aside default judgment, as opposed to merely showing "good cause" to set aside entry of default); *see also Jones,* 39 F.3d at 162 (describing the three factors somewhat differently as "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint"); *Commercial Bank of Kuwait,* 15 F.3d at 238 (factors considered under Rule 55(c) to relieve a party of entry of default are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993) (three factors to consider pursuant to Rules 60(b) and 55(c) when considering setting aside a default judgment are willfulness of default, prejudice to adversary of setting aside default, and whether defaulting party has presented a meritorious defense); *Ehlers,* 8 F.3d at 783 (stating factors as meritorious defense, prejudice, and "a good reason ... for failing to reply to the complaint."). However, these three factors are "not 'talismanic,' " and the court may consider others, although the ultimate inquiry is whether the defendant can show "good cause" to set aside the default. *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992)). Some courts include other "equitable" factors in the ultimate calculus, including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result,"

*Enron Oil Corp.*, 10 F.3d at 96,[2] and the "sanctity of final judgments" and "justice" being done. *Hoover*, 823 F.2d at 230. The court will therefore consider the three factors of willfulness, prejudice, and meritorious defense, as well as others, *seriatim*, but first the court must examine the relative weight of these factors in its calculus.

### 3. The weight of the factors

The majority rule is that courts must consider all three factors, willfulness, prejudice, and presentation of a meritorious defense, to determine whether or not to set aside a default judgment. *Whelan*, 48 F.3d at 1259; *Jones*, 39 F.3d at 165; *Commercial Bank of Kuwait*, 15 F.3d at 243 (district court must consider all of these factors, citing *Information Sys. & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed.Cir.1993), which describes this as the majority rule). However, most courts find that the presence or absence of these factors, and their relative weight, must be balanced to arrive at an equitable result. *Whelan*, 48 F.3d at 1259 (observing that balancing the various factors against each other in the circumstances of the case, "the balance of equities on the issue of default" was "far more precarious" than the district court's opinion had suggested); *Commercial Bank of Kuwait*, 15 F.3d at 244 (although the record did not strongly support prejudice to prevailing party on default, the court "need not scrutinize this factor further because the [defaulting party's] willful default and absence of meritorious defenses were sufficient to support the district court's disposition of the case," citing cases making a similar balancing decision); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir.1993) (untimeliness of answer alone was not grounds to refuse to set aside default where court did not balance, or apparently even consider, factors of willfulness, prejudice, and meritorious defense); *Information Sys. & Networks Corp.*, 994 F.2d at 795–96 (factors are not "disjunctive," but must be balanced to determine whether or not to grant relief for excusable neglect under Rule 60(b)(1)); *but see CJC Holdings, Inc.*, 979 F.2d at 64 (court need not consider all factors, as they

are not "talismanic"). Because such a balancing of factors is necessary, the district court should provide "specific reasons for a denial of a motion to set aside a default under Rule 55(c). *Enron Oil Corp.*, 10 F.3d at 97.

In this balancing of factors, courts have placed especial emphasis on the willfulness or culpability of the defaulting party's conduct. Thus, in *In the Matter of Dierschke*, 975 F.2d 181 (5th Cir.1992), the Fifth Circuit Court of Appeals held that willful failure to answer alone may constitute sufficient cause for the court to deny a motion pursuant to Rule 60(b)(1) to set aside a default, even assuming that there was *no* prejudice to the plaintiff and the defendant had a meritorious defense. *Dierschke*, 975 F.2d at 184. The lower court found that the defendant's failure to answer was willful where the defendant "chose to make a decision that he hadn't been served when, in fact, he had." *Id.; see also Jones*, 39 F.3d at 165 ("Of course, even if [the defaulting party] had a meritorious defense, her failure to demonstrate good cause for her default and quick action to rectify the default is sufficient to deny her motion to vacate the default judgment," citing *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir.1994)).

This preeminence of the "willfulness" factor was explained in greater detail by the Sixth Circuit Court of Appeals:

> When relief [from a default judgment] is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless [it] can demonstrate that [its] default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the

---

**2.** The factors the court in *Enron Oil Corp.* found made the entry of default judgment unjustifiably harsh included the defaulting party's *pro se* status, and the facts that substantial rights and a substantial sum of money were at stake. *Enron Oil Corp.*, 10 F.3d at 97.

defendant can carry this burden that [it] will be permitted to demonstrate that [it] also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.... 

Because the district court's assessment of the evidence concerning defendants' culpability is unassailable, defendants could not establish that their conduct was the result of mistake, inadvertence, surprise, or excusable neglect. Since that concluded the matter, demonstration of the existence of a meritorious defense and lack of prejudice could not assist defendants' cause.

*Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292–93 (6th Cir.1992); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir.1991) ("A default [judgment] should not be set aside when it is found to be willful," and defendant admitted that he deliberately did not appear, although the court also considered the prejudice to the plaintiff of setting aside the default and the lack of a meritorious defense as further supporting denial of the motion to set aside the default). The "unassailable" evidence of willfulness in *Waifersong* was the defendants' assertion that they had not been served, and therefore had no notice of the lawsuit, when the testimony of the process server, found vastly more credible by the court, and the returns of service demonstrated otherwise. *Id.* at 291.

■ This court agrees with the Sixth Circuit Court of Appeals that the defaulting party cannot qualify for relief from a default judgment on Rule 60(b)(1)'s grounds if its default was not inadvertent or excusable, but willful. Nonetheless, in light of the weight of authority suggesting that all factors must be balanced, or at least considered, to ensure no manifest injustice occurs, this court will consider all of the factors, but give especial

weight to consideration of whether the default here was inadvertent or excusable, or was instead culpable or willful.[3]

### 4. The factors here

#### a. "Willfulness" of defendants' default

■ Courts describe this first factor of the inquiry variously as "willfulness," "culpability," or lack of a "good reason" on the part of the defaulting party leading to the entry of the default judgment. *See, e.g., Whelan,* 48 F.3d at 1259 ("willfulness"); *Jones,* 39 F.3d at 164–165 ("willfulness"); *O'Connor,* 27 F.3d at 364 ("culpability"); *Ehlers,* 8 F.3d at 784 ("no good reason" for default). A conclusory assertion of the good faith of the defaulting party is not enough to dispel inferences of willfulness or intentional delay that otherwise arise from the defaulting party's failure to answer. *Whelan,* 48 F.3d at 1259. Thus, defendants' counsels' assertion that she never intended to default and that she always intended to file a timely answer is of little consequence.

The court therefore must consider what excuses defendants offer for their failure to answer. It must be remembered that relief from a default judgment under *Fed.R.Civ.P.* 60(b)(1), "requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing the default judgment." *Jones,* 39 F.3d at 162. Thus, even if the court were persuaded by defendants' arguments that the failure to answer here was the result of an ordinary lapse of diligence or simple neglect, the court would find such excuses insufficient to set aside the default judgment. However, the court is not persuaded that defendants' lapse was an ordinary one amounting only to simple neglect.

The District of Columbia Circuit Court of Appeals found that where the defaulting party had offered no reason for its failure to

---

**3.** The court can conceive of situations where a total lack of prejudice and availability of an absolute defense might outweigh even a willful failure to answer the complaint, but believes that such a circumstance would indeed be extremely narrow, and is more properly provided for in Rule 60(b)(6). Rule 60(b)(1) identifies specifically only mistake, inadvertence, surprise, or excusable neglect, and hence lack of willfulness or culpability, as grounds for setting aside a judg-

ment. *See* 10 C. Wright, A. Miller & M. Kane, § 2697, at 531 (observing that the meritorious defense factor is not stated in the rule). The other factors, prejudice and presentation of a meritorious defense, appear to this court to be judicial constructs, which are no less valid for that reason, but which are equitable considerations to be balanced against the specified ground of lack of willfulness or culpability.

answer or for the sixteen month delay between the entry of the default judgment and that party's motion to set aside the default, "[a]bsent some explanation such as monumental incompetence, the record suggests intentional delay." *Whelan*, 48 F.3d at 1259. Similarly, in *Jones*, the Seventh Circuit Court of Appeals found a lack of "*good* cause" or "*excusable* neglect" amounting to "willfulness" where the defaulting party delayed twenty-five days before answering the complaint and failed to respond to a notice of default. *Jones*, 39 F.3d at 164–65 (emphasis in the original). The court found this conduct indicated the party, *pro se* and incarcerated, but not by these factors prevented from formulating an answer, "chose to ignore this lawsuit" and displayed a "pattern of willful disregard for this matter, including … her unexcused failure to respond to the default motion." *Id.* The Federal Circuit Court of Appeals has held that the "culpability" or "willfulness" factor requires the court to consider "whether the party intended to violate court rules and procedures," and not merely whether the party failed to answer. *Information Sys. & Networks Corp.*, 994 F.2d at 796. In *CJC Holdings, Inc.*, the court found more than a failure to answer; rather, the court found that where the party had notice of the lawsuit, but negligently overlooked the certified letter actually serving the defendant with the complaint, the district court's finding of willfulness in the defaulting party's failure to respond to the complaint was not clearly erroneous. *CJC Holdings, Inc.*, 979 F.2d at 64. In the context of a motion to set aside a default judgment, the Ninth Circuit Court of Appeals went so far as to define "culpable" conduct as follows: "A defendant's conduct is culpable if [the defendant] has received actual or constructive notice of the filing of the action and failed to answer." *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir.1992). The results in *CJC Holdings, Inc.*, and *Price* should be contrasted with that in *O'Connor*, where the court found that the defaulting party acted "under a good faith, albeit misguided, belief that the answer was timely," and the defaulting party was therefore "not culpable" for the default, and the default could be set aside. *O'Connor*, 27 F.3d at 364.

The Eleventh Circuit Court of Appeals developed this theme further, albeit defining the "willfulness" factor in terms of whether the defaulting party had a "good reason" for defaulting. *Ehlers*, 8 F.3d at 784. In *Ehlers*, the court found that the defaulting party had moved from Florida to Hawaii, and, although aware of difficulties in contacting his Florida attorney, did nothing about it. *Id.* The defaulting party was informed by the plaintiff, via the defaulting party's Hawaii attorney, who had been retained on another matter, of the plaintiff's intention to pursue its action against the defaulting party, but the defaulting party again did nothing. *Id.* The court found a "lack of diligence in defending the suit," and opined that the defaulting party's problems in contacting his Florida attorney "should have alerted him of potential problems in his representation in Florida." *Id.* The court found that " 'failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect,' " and that the defaulting party was guilty of such a failure. *Id.* (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987)).

Good faith or inadvertent failure to answer must also be contrasted with absconding from the jurisdiction of the court or trying to avoid liability by physically avoiding the proceedings. *Swink*, 810 F.2d at 793; *accord Commercial Bank of Kuwait*, 15 F.3d at 244 (defaulting party had acted willfully by evading service for four months and refusing to respond to complaint when received); *Waifersong, Ltd, Inc. v. Classic Music Vending*, 976 F.2d 290, 291–92 (6th Cir.1992) (testimony by defendants that they had not been served, found not credible by the court, established willful failure to answer). Similarly, a defaulting party's "fugitive status" shows a willful disregard for the court making and amounts to "culpable conduct" sufficient to support refusal to set aside a default. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 455 (10th Cir. 1993).

The forms of bad faith or willful conduct described in the paragraph just above

are admittedly not present here. However, the court finds that other evidence shows that defendants conduct, which counsel admits was "negligent," showed sufficient disregard of the court-ordered deadline to constitute willful or culpable failure to answer. First, the deadline for answering was not left to the defendants' determination from the rules of civil procedure, but was specified in the court's initial review order. Some of the defendants here, and certainly their counsel, are familiar with prisoner litigation, and are aware that the court routinely specifies the deadline for answering prisoner complaints following the court's initial review. As the court observed above, the Eighth Circuit Court of Appeal is prepared to uphold default judgments on the sole ground that no timely answer has been filed despite a clearly specified deadline in a rule or court order. *See, e.g., Tracts 10 & 11,* 51 F.3d at 120 (default judgment was proper where defaulting party failed to answer in time although forfeiture rule unambiguously stated time requirements); *$104,674.00,* 17 F.3d at 268–69 (same). Certainly, then, such disregard of a court-ordered deadline supports a conclusion that defendants' failure to answer was culpable. Although defendants here suffered from none of the impediments to answering suffered by the defendant in *Jones,* 39 F.3d at 164–65 (incarceration and *pro se* status), defendants failed to answer in disregard of the stated deadline. At the very least, defendants and their counsel overlooked the stated deadline despite notice of the pendency of the lawsuit. *CJC Holdings, Inc.,* 979 F.2d at 64; *and compare Price,* 961 F.2d at 1473.

Nor can the court find that defendants acted "under a good faith, albeit misguided, belief that the answer was timely." *O'Connor,* 27 F.3d at 364. Defendants' counsel asserts that she "negligently" entered the wrong answer deadline for this case, confusing it for the due date in another case. Mistakes happen, and that is what Rule 60(b)(1) is about. However, counsel compounded the negligent entry of the due date in her own

records by disregarding other indications that an answer was due or overdue. The proper deadline was again brought to counsel's attention by the motion for default, which indicated in the supporting affidavit that the answer was due pursuant to the court's initial review order on May 31, 1995, and that point was reemphasized by contact from one of the defendants concerned about the motion for default judgment. Counsel still did not verify from the only authoritative source for the deadline, the court's initial review order, when the answer was due. In these circumstances, the court finds a "lack of diligence in defending the suit," and circumstances that should have alerted counsel to the fact that an answer was overdue. *Ehlers,* 8 F.3d at 784.[4] Defendants, like the defendant in *Ehlers* casually ignored the deadlines, probably placing undue reliance on counsel, when they too received notice of plaintiff's motion for default, which should have alerted them to potential problems in their representation, but only one defendant apparently attempted to verify the answer due date, although he too failed to follow up with an independent assessment. *Id.* The court finds no "*excusable* neglect" or "*good cause*" for defaulting in the circumstances here, but instead a culpable disregard for court-ordered deadlines.

#### b. Prejudice

Defendants assert that plaintiff suffered no prejudice as the result of their delay in answering the complaint and that if the prejudice the court identified, prejudice to the plaintiff if the court did not enforce its own court-ordered deadline, is sufficient, every case where default was sought would require the court to enter judgment in favor of the party seeking the default. The court finds that defendants have misconstrued the "prejudice" element and what it was the court found was prejudicial.

 The "prejudice" element considered by courts in deciding whether or not to set

4. The court is familiar with counsel's performance in a number of prisoner cases, and finds that it can only be described, in charitable terms, as characterized by an habitual casualness with regard to court-ordered deadlines. *See, e.g.,*

*Brown v. State of Iowa,* 152 F.R.D. 168, 170–73 (S.D.Iowa 1993) (detailing tardiness of same counsel's responses to a series of motions and deadlines).

aside a default judgment is not the prejudice of the mere delay in answering. Delay alone does not establish prejudice. *Enron Oil Corp.*, 10 F.3d at 98. Rather, the prejudice that the court must consider here is the prejudice to the plaintiff of *setting aside the default judgment*. *Whelan*, 48 F.3d at 1259; *O'Connor*, 27 F.3d at 364; *Commercial Bank of Kuwait*, 15 F.3d at 238; *Enron Oil Corp.*, 10 F.3d at 96; *CJC Holdings, Inc.*, 979 F.2d at 64. That prejudice, as the court stated in deciding what prejudice would result to the plaintiff if default judgment were not entered, is the prejudice that would result if the court failed to enforce its own court-ordered deadline. A court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). This court has found that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings. *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F.Supp. 1191, 1198–99 (N.D.Iowa 1994). Furthermore, experience teaches that strict adherence to time limitations "is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1990). Time limitations "are not arbitrary obstacles to the vindication of just claims [or, this court adds, just defenses], and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452–53 (7th Cir.1990) (discussing the time limitations in 42 U.S.C. § 2000e–5(f)(1)). Thus, time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). The prejudice to plaintiff in setting aside the default judgment is indeed real and substantial where it implicates not only his expectations concerning the judgment, but his belief in the integrity of the system and the court's authority if court-ordered deadlines can be flouted with impunity.

Nor is defendants' argument supportable that finding prejudice in disregard for court-ordered deadlines would require entry of default in every circumstance in which it was sought. Indeed, defendants offer no support for this proposition, nor even any explanation of why it should be true. To the contrary, the fact that prejudice results from failure to enforce a court-ordered deadline does not make default judgment automatic in every case in which it is sought. Courts do not exercise the same kind of control over most litigation from beginning to end as they do over prisoner litigation. In prisoner litigation, the court undertakes the almost unique task of making an initial review of the complaint before it is even served and assessing whether or not it is "frivolous." *See* 28 U.S.C. § 1915(d). The court then sets deadlines for answers and that deadline is not subject to any doubt or confusion. Thus, because the court exercises unusual control over the progress of prisoner litigation in the first instance, the court's refusal to enforce its orders entered because of that control would uniquely prejudice the plaintiff.

Although delay does not establish prejudice, any delay in originally answering the complaint or in responding to the entry of the default does figure in the court's calculus. For example, in *Whelan*, the District of Columbia Circuit Court of Appeals found that there was sufficient prejudice to the plaintiff from setting aside the default judgment where plaintiff had already litigated some claims common to the defaulting defendant through trial against two other defendants and setting aside the default judgment would require the plaintiff to relitigate those issues against the defaulting party. *Whelan*, 48 F.3d at 1259. Furthermore, formulating the prejudice prong in terms of whether or not the defaulting party took "quick action" to respond to the default, another court noted that this consideration is required because "the cement of finality hardens each and every day beyond the entry of the judgment; the winning party increasingly fashions its expectations and affairs on having and holding the judgment as time passes." *Jones*, 39 F.3d at 165. Here, the court finds a remarkably casual response by defendants to the default judgment. It was not until June 21,

already five days after the entry of default judgment and twenty-one after an answer was due, that defendants moved to answer out of time. It was not until more than two weeks after the entry of default judgment that defendants moved to set aside that judgment. The court does not believe that such delays suggest a "quick response" to the default judgment, but instead a casual assumption that defendants' failings could still be undone. Thus, on the several grounds discussed here, the court concludes that the plaintiff would be prejudiced by setting aside defendants' culpable default.

### c. Defendants' "meritorious defense"

The court now turns to the third factor routinely considered relevant to the determination of whether or not to set aside a default judgment. The "meritorious defense" factor for the appropriateness of setting aside a default is not without some controversy or confusion in its application. As one source notes, the demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, "the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion." 10 C. Wright, A. Miller & M. Kane, § 2697, at 531. The underlying purpose of this requirement is simply to determine whether there is some possibility that the suit will have an outcome different from the result achieved by default. *Id.; Maine Nat'l Bank v. F/V Cecily B,* 116 F.R.D. 66, 68 (D.Me.1987).

■ To determine whether a defaulting defendant has a meritorious defense, likelihood of success is not the measure. *Jones,* 39 F.3d at 165 ("A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis."); *Enron Oil Corp.,* 10 F.3d at 98 ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."); *Keegel v. Key West & Caribbean Trading*

*Co.,* 627 F.2d 372, 374 (D.C.Cir.1980). Defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proved at trial, would constitute a complete defense. *Keegel,* 627 F.2d at 374.

There is some dispute among courts regarding how the moving party must establish a meritorious defense. Although courts uniformly require more than conclusory denials to support a defense, *Enron Oil Corp.,* 10 F.3d at 98, the majority, but not universal, rule is that the defendant must make some factual *showing* that a meritorious defense exists. *See, e.g., Jones,* 39 F.3d at 165 (some factual and legal basis is required); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988) (affidavits submitted by moving party established meritorious defense); *Federal Trade Comm'n,* 562 F.2d at 10 n. 3 (quoting district court's conclusion that more than "bald allegations" of meritorious defense is needed); *Richmark Corp. v. Timber Falling Consultants, Inc.,* 747 F.Supp. 1409, 1412 (D.Or. 1990). Other courts apply a lower standard, requiring that the defendant *merely allege* facts which, if proved, would constitute a meritorious defense. *See, e.g., Hritz v. Woma Corp.,* 732 F.2d 1178, 1181 (3d Cir. 1984) (meritorious defense established if assertions in answer are true). The defense, however proved, must do more than mitigate the damages; it must provide a *"complete* defense." *Enron Oil Corp.,* 10 F.3d at 98 (emphasis added).

■ Defendants assert as meritorious defenses that the NCCF's law library is adequate, as determined by a prior lawsuit, and that the NCCF provides alternatives for obtaining further legal materials not actually present in its law library. Even if these contentions were true, however, they would provide no defense whatsoever to Widmer–Baum's claim that he was improperly denied *access* to any of these materials or alternative means of obtaining materials, as opposed to his claim that the materials available are inadequate. Thus, defendants have presented no meritorious defense to one of Widmer–Baum's claims. Even if defendants were to prove at trial the adequacy of the materials provided, either directly or through alterna-

tive means, their proffered defense is not a "complete" one, barring relief on all claims, *Enron Oil Corp.*, 10 F.3d at 98, and consequently does not raise a serious question regarding the propriety of the default judgment. *Jones*, 39 F.3d at 165.

### d. Other factors

The court turns finally to other "equitable" factors that sometimes figure in the ultimate calculus of whether or not to set aside a default judgment. These factors include "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result," such as imposing a default judgment on a *pro se* litigant, or imposing a default judgment for a substantial sum of money. *Enron Oil Corp.*, 10 F.3d at 96. Other factors are the "sanctity of final judgments" and "justice" being done. *Hoover*, 823 F.2d at 230. The court views these factors as having more to do with Rule 60(b)(6) than Rule 60(b)(1), but, nonetheless finds they do not point towards relieving defendants of the default judgment here.

▆ In the present case, the defendants are not *pro se*, but in fact have available to them representation by a division of the state attorney general's office devoted exclusively to prisoner litigation, which can reasonably be presumed to have expertise in the handling of precisely the kind of litigation, issues, and procedures involved here. Nor have defendants been subjected to a default judgment for a substantial sum of money. The court found that this matter fell within the provisions of *Fed.R.Civ.P.* 55(b)(2), which provide that the court may conduct a hearing to determine relief upon the entry of default judgment. Defendants will still have an opportunity to argue the amount of damages, actual, nominal, or punitive, if any, they will be compelled to pay as the result of the default judgment in this case. Furthermore, the court finds that, in light of plaintiff's entitlement to default judgment because of defendants' culpable failure to answer, justice and the sanctity of final judgments weigh in favor of upholding the default judgment.

### e. The balancing of the factors here

Balancing the factors here presents the court with no quandary. The court has determined from the circumstances of this case that defendants' conduct in failing to answer the complaint was willful or culpable, thus establishing the lack of any stated ground for relief under Rule 60(b)(1). The other two factors routinely considered by courts, prejudice to the plaintiff and presentation of a meritorious defense, cannot unseat that conclusion that relief should not be granted here, because these factors also weigh in favor of sustaining the default judgment. Finally, additional factors, which may more properly belong to consideration of setting aside the judgment under Rule 60(b)(6) still do not favor defendants. The balance here tips decidedly in favor of sustaining the default judgment and denying defendants' motion to set it aside.

### III. CONCLUSION

Having surveyed the circumstances of this case and the factors relevant to consideration of whether or not to set aside a default judgment pursuant to *Fed.R.Civ.P.* 55(c) and 60(b), the court concludes that defendants' motion to set aside the default judgment must be denied. Each of the relevant factors, willful or culpable failure to answer, prejudice to the plaintiff of setting aside the default judgment, and presentation of a meritorious defense, weighs, not in favor of setting aside the judgment, but in favor of sustaining it. Defendants and their counsel displayed a culpable lack of diligence in answering this complaint in light of the court's specification of the answer deadline in its initial review order, counsel's initial failure to recognize that due date, and counsel's compounding of that negligent failure by disregarding other indications that an answer was due or overdue. Defendants therefore cannot assert a specified ground for relief under Rule 60(b)(1). Furthermore, plaintiff would be prejudiced by this court's setting aside its default judgment when that judgment was founded on enforcement of a court-ordered deadline. The prejudice to a plaintiff of failure to apply court-ordered deadlines is both real and substantial. Next, the court finds

that defendants' proffered "meritorious defense" is at best only a partial defense, rather than a "complete" one. It does not address that part of plaintiff's claim based on denial of *access* to legal materials, as opposed to his claim that the materials are inadequate.

Further factors, possibly more relevant to consideration of a motion to set aside a default founded on Rule 60(b)(6) but nonetheless considered by some courts in determining whether or not to set aside a default judgment pursuant to Rule 60(b)(1), also do not favor setting aside the default judgment here. Rather, there is nothing harsh or inequitable about upholding a default judgment against defendants represented by counsel with purported expertise in the area of law where the court specifically provided for a hearing of any damages claim, thus eliminating a default judgment for a substantial sum. Balancing these and other factors, the outcome was obvious. Because all factors weigh in favor of upholding the default judgment, the court must deny defendants' motion to set aside the default judgment in this case. This matter will therefore proceed to hearing on the proper relief to be afforded plaintiff in this case.

**IT IS SO ORDERED.**