8 F.3d 780
 27 Fed.R.Serv.3d 1197
 FLORIDA PHYSICIAN'S INSURANCE COMPANY, INC., a Florida
Corporation; f/k/a Florida Physician's Insurance
Reciprocal, Plaintiff-Appellee,
v.
David O. EHLERS; Ehlers & Co., Inc., a Florida Corporation,
Defendants-Appellants.
 No. 92-2127.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 7, 1993.
 
 Charles P. Johnson, Jr., Fort Lauderdale, FL, for defendants-appellants.
 Stephen C. Bullock, Nicholas V. Pulignano, Jr., Jacksonville, FL, for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before COX and BIRCH, Circuit Judges, and SMITH*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this case, we must decide whether the district court properly denied appellants' motion to set aside the default judgment entered against them. We AFFIRM.
 
 I. BACKGROUND
 
 2
 On June 6, 1986, Florida Physician's Insurance Company, Inc. ("FPIC") filed suit against David O. Ehlers and Ehlers & Co., Inc. (collectively "Ehlers")[1] and Oppenheimer & Co., Inc. ("Oppenheimer"). Ehlers had been an investment advisor to FPIC, and FPIC sued Ehlers to recover money lost in numerous investments. FPIC's complaint was twice dismissed in part before a second amended complaint was filed in August 1987. At approximately the same time, the district court ordered FPIC to arbitrate its claim against Oppenheimer, and Ehlers's first attorney was replaced by Milton E. Grusmark. In October and December 1987, FPIC filed motions to compel discovery from Ehlers. The district court granted the motions, but Ehlers never complied. In fact, Grusmark did not attend a hearing scheduled for the purpose of granting sanctions on these motions in January 1988.
 
 
 3
 On August 1, 1989, nearly one and one half years later, the district court ordered FPIC to show cause why the case should not be dismissed for failure to file a status report. On August 4, 1989, FPIC responded to the order and informed the court that in July 1989, prior to arbitration, it had settled with Oppenheimer. FPIC also informed the court that it had attempted to settle with Ehlers, but that Ehlers had moved to Hawaii and that Ehlers's counsel, Grusmark, had been suspended from the Florida Bar.[2] FPIC also noted that Ehlers had apparently hired other counsel in Hawaii, Bruss Keppeler, and that it was attempting to negotiate with Ehlers through Keppeler to settle the case.
 
 
 4
 In addition to the response, FPIC also filed a report on the status of the case. In the report, FPIC informed the court that it had settled with Oppenheimer and that it was ready to proceed against Ehlers. FPIC sent notice of this report to Oppenheimer's counsel and to Keppeler, but not to Grusmark. Keppeler acknowledges receipt of this report.
 
 
 5
 The next entry on the docket was March 1, 1990. However, FPIC and Keppeler communicated twice during this period, once in August 1989 and once in April 1990. FPIC offered at both times to settle the case for $25,000. The April letter to Keppeler also informed Keppeler that, if Ehlers did not accept the offer, it was ready to proceed to trial. FPIC alleged that, between August 1989 and April 1990, it attempted to contact Keppeler approximately twenty times.
 
 
 6
 On March 1, 1990, the district court entered an order limiting the time for discovery and setting the date of the pretrial conference. The district court sent notice of its order to counsel of record including Grusmark, but did not send notice to Keppeler.
 
 
 7
 On July 2, 1990, FPIC filed a motion for default judgment alleging that Ehlers had failed to file a response to its second amended complaint, filed August 21, 1987, and had failed to comply with the district court's orders compelling discovery. Notice of this motion was sent to Keppeler, Grusmark, and Ehlers. On the same date, FPIC sent letters to Keppeler, Grusmark, and Ehlers informing them that it was necessary for FPIC to meet with Ehlers in accordance with the district court's pretrial order and that FPIC had filed a motion for default judgment. In its letter to Ehlers, FPIC stated that it was writing directly to Ehlers because it could not find a lawyer that was representing Ehlers in this suit.
 
 
 8
 On July 17, 1990, FPIC filed its pretrial stipulation with the district court. FPIC represented that it had attempted to contact Grusmark, Keppeler, and Ehlers by both letter and telephone, but that they had received no responses. FPIC noted that it had filed a motion for default judgment based on Ehlers's failure to respond to the complaint and further moved for default for failure to file a pretrial stipulation.
 
 
 9
 The pretrial conference took place on July 24, 1990. FPIC was the only party present. The court granted FPIC's motion for default judgment on liability and ordered FPIC to file proof of damages within ten days. At the July 24, 1990, hearing, FPIC again informed the court that Grusmark had been suspended from the Florida bar. The court ordered that notice be sent to Grusmark and Ehlers.
 
 
 10
 FPIC filed an affidavit on damages with the district court. Ehlers failed to respond, and the court awarded FPIC damages of $22,603,470. Final judgment was entered on September 5, 1990.
 
 
 11
 On August 6, 1991, Ehlers filed a motion to set aside the default judgment. Ehlers represented that neither Grusmark, Keppeler, nor he received notice of FPIC's motion for default judgment. Ehlers also alleged that Grusmark did not receive notice because Grusmark moved offices during the pendency of the case and failed to inform the court of his move. More importantly, Ehlers filed papers showing that Grusmark was suspended from the Florida bar effective June 30, 1990.[3] The district court denied the motion and Ehlers's subsequent motion to reconsider. Ehlers now appeals the district court's refusal to set aside the default judgment.
 
 II. DISCUSSION
 A. Rule 60(b) Motion
 
 12
 Within one year of the district court's order granting default judgment to FPIC, Ehlers filed a motion to set aside the default judgment because of "mistake, inadvertence, surprise, or excusable neglect," which the district court denied. Fed.R.Civ.P. 60(b)(1).[4]
 
 
 13
 We reverse the district court's denial of a motion to set aside a default judgment only if the district court abused its discretion in denying the motion. Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir.1987); Jackson v. Seaboard Coast Line R.R., 678 F.2d 992, 1020 (11th Cir.1982). We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir.1984); see Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) (discussing Rule 60(b) balancing of the desire to preserve the finality of judgments and the desire that a judgment reflect the merits of the case).
 
 
 14
 In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir.1990). With respect to the third element, "a technical error or a slight mistake" by a party's attorney should not deprive the party of an opportunity to present the merits of his claim. Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980) (per curiam). But see Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir.1986) (attorney's negligent failure to respond to a motion does not constitute excusable neglect).
 
 
 15
 Although Ehlers argued all three elements in his motion to set aside the default judgment, the district court found that Ehlers did not establish good cause for failing to reply to the complaint or the default motion. It did not determine whether Ehlers demonstrated a meritorious defense or whether FPIC would be prejudiced if the default judgment was set aside. We confine our decision to whether the district court abused its discretion in finding that Ehlers did not demonstrate a good reason for failing to respond.
 
 
 16
 During the pendency of FPIC's case against him, Ehlers moved from Florida to Hawaii. Prior to his move he hired Grusmark to represent him in this case. Ehlers swore in his affidavit that shortly after hiring Grusmark, he "was frequently difficult to reach." R4-129-Ex. E at 2. Ehlers did have contact with Grusmark over the telephone once in November 1987. Ehlers also received a letter from Grusmark in February 1989, but Grusmark never replied to Ehlers's return letter. In August 1989, Ehlers was informed by Keppeler, Ehlers's Hawaiian attorney, that FPIC had settled with Oppenheimer and that FPIC was ready to pursue its action against Ehlers. Id. Ehlers also stated that, from August 1989 forward, "I was unable to reach my Florida attorney [Grusmark] in this matter." Id. at 3. In April 1990, FPIC contacted Keppeler and announced its intention to proceed with the case. Presumably, Ehlers was again notified by Keppeler as Keppeler stated in his affidavit that he was able to contact Ehlers at all times.
 
 
 17
 Ehlers's actions demonstrate a lack of diligence in defending the suit. Despite a significant lull in the proceedings between 1987 and 1989, Ehlers was informed in August 1989 that FPIC was preparing to prosecute its claim against him. Ehlers was unable, however, to contact Grusmark following the August 1989 notice. Ehlers's inability to contact Grusmark should have alerted him of potential problems in his representation in Florida. The fact that FPIC resorted to contacting Ehlers through Keppeler, an attorney in Hawaii who was not representing Ehlers in Florida, should have further warned Ehlers that Grusmark might not be adequately defending his case. Ehlers, however, appears to have done nothing to ensure that his interests were being sufficiently represented. Such inaction demonstrates a lack of diligence on Ehlers's part, especially when FPIC alleged millions of dollars of damages in its complaint.
 
 
 18
 The "failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect." Gibbs, 810 F.2d at 1537. Ehlers's lack of diligence is easily analogized to a company's failure to establish minimal procedural safeguards. Ehlers, as a defendant in a suit alleging millions of dollars in damages, had a duty to act with some diligence to ensure that his attorney was protecting his interests. He did not do so, and we find that the district court did not abuse its discretion in finding that Ehlers did not establish good cause for his default.
 
 
 19
 In addition to Ehlers's lack of diligence, FPIC made extensive efforts to notify Ehlers. FPIC twice contacted Keppeler and also attempted to contact Keppeler on numerous other occasions. FPIC sent a copy of its motion for default judgment to the address where it had previously contacted Keppeler. In the context of this case, FPIC's efforts to notify Ehlers were adequate.
 
 B. Notice of Motion for Default Judgment
 
 20
 Ehlers also contends that the default judgment should have been set aside because neither Grusmark nor Ehlers received notice of the motion for default judgment. The party against whom default judgment is sought must be served with written notice at least three days prior to the hearing for default. Fed.R.Civ.P. 55(b)(2). FPIC sent notice of its motion for default judgment on July 2, 1990, to Grusmark, Ehlers, and Keppeler. Grusmark and Ehlers's notices were sent to their addresses on file with the district court. Keppeler's notice was sent to the same address at which FPIC had contacted him previously. The district court granted default judgment on July 24, 1990.
 
 
 21
 On the facts of this case, we find that the notices sent to Grusmark, Ehlers, and Keppeler satisfy Rule 55 requirements. The fact that Ehlers made himself impossible to contact cannot prevent the entry of default judgment.
 
 III. CONCLUSION
 
 22
 We conclude that the district court did not abuse its discretion in finding that Ehlers had not established good cause for his default and in denying Ehlers's Rule 60(b) motion, and that adequate notice was sent to Ehlers. We AFFIRM.
 
 
 
 *
 Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Because Ehlers controlled Ehlers and Co., Inc., we refer only to Ehlers for simplicity
 
 
 [2]
 Despite FPIC's representations to the district court that Grusmark was suspended from the Florida bar, the evidence before the district court on Ehlers's Rule 60(b) motion was that Grusmark was suspended by the Florida Supreme Court on August 30, 1990, for five months with an effective date of June 30, 1990. Thus, in July 1990, when the district court granted FPIC's motion for default judgment, Grusmark was not suspended from the bar
 
 
 [3]
 See supra note 2
 
 
 [4]
 Ehlers retained new counsel to contest the default judgment