In re RIVERWOOD LAND COMPANY, L.P., Debtor.

SELECT MANAGEMENT HOLDINGS, INC., Anthony Martino, as General Partner of Lamb Associates, John Quagliata, as Managing General Partner of JAQ Enterprises, and William R. Loeb and Donna J. Loeb, Plaintiffs,

v.

Robert M. TAYLOR, Bryan P. Brown, Lander Income Fund, L.P., B. Charles Ames, the Mariner Group, Inc., and the Riverwood Community Development District, Defendants.

Bankruptcy No. 97–9188–9P1.
Adversary No. 97–735.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Nov. 13, 1997.

John D. Goldsmith, Tampa, FL.

Michael P. Brundage, Tampa, FL.

Riverwood Land Company, L.P., Ft. Myers, FL.

Russell Blain, Tampa, FL.

Robert Taylor, Ft. Myers, FL.

Bryan P. Brown, Ft. Myers, FL.

Catherine Peek McEwen, Orlando, FL.

The Mariner Group, Allen G. Ten Broek, VP, Ft. Myers, FL.

Jeff Leasure, Ft. Myers, FL.

Marc I. Spencer, The Forum, West Palm Beach, FL.

Robert Glenn, Tampa, FL, First Union Bank of Fla. as Indenture Trustee, c/o Jules Cohen, Orlando, FL.

Erik P. Kimball, Nabors, Giblin & Nickerson, P.A., Orlando, FL.

**ORDER GRANTING RIVERWOOD COMMUNITY DEVELOPMENT DISTRICT AND INDENTURE TRUSTEE'S MOTION FOR RELIEF FROM DEFAULT AND DEFAULT JUDGMENT (DOC NOS. 32 & 39) AND ORDER GRANTING INDENTURE TRUSTEE'S MOTION TO INTERVENE (DOC. NO. 37)**

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case and the matters under consideration in this adversary proceeding are three Motions, the first of which is a Motion for Relief from Default and Default Judgment filed on October 3, 1997 by Riverwood Community Development District (RCDD) seeking relief from the Partial Final Judgment entered by this Court on September 23, 1997 by default. The second is a Motion for Relief from Default and Default Judgment which was filed on October 17, 1997 by First Union National Bank of Florida, as Indenture Trustee (First Union). Finally, First Union also filed a Motion to Intervene on October 15, 1997, seeking to intervene in this adversary proceeding as a defendant. Plaintiff Select Management Holdings, Inc. (Select) vigorously opposed the Motions. A brief recap of the current procedural posture of this litigation should be helpful in order to place these three Motions under consideration in proper focus.

On June 4, 1997 the Debtor Riverwood Land Company, L.P. (Debtor) and its affiliates filed their separate Petitions for Relief under Chapter 11. On July 25, 1997, Select filed its Complaint seeking to subordinate all the claims of Defendants Robert M. Taylor, Bryan P. Borwin, Lander Income Fund, L.P., B. Charles Ames, The Mariner Group, Inc. and RCDD to its claims or, in the alternative, to equitably subordinate all the Defendants' claims of the Riverwood Noteholders or, in the alternative, to classify all Defendants, claims as equity claims.

### *MOTION TO SET ASIDE THE FINAL JUDGMENT BY DEFAULT*

The Summons, along with a copy of the Complaint was served by first class mail on "The Riverwood Community Development

District" in care of Thomas C. Smith, Chairman at 4100 Riverwood Drive Port Charlotte, FL 33953. In addition, Select also mailed a Summons along with a copy of the Complaint by registered mail, return receipt requested. It is admitted that the receipt was acknowledged by a signature on the green card apparently of an agent of Thomas C. Smith, although not by the signature of Thomas C. Smith. According to the Affidavit of Thomas C. Smith filed in support of the Motion on October 3, 1997, the address was not the address of the Debtor. Rather, the address was a place where Mr. Smith had been receiving some of his mail. RCDD does not challenge the sufficiency of the service but merely relies on these facts in support of its contention that RCDD's failure to timely respond to the Complaint was due to excusable neglect.

In *Pioneer Investment Services Co. v. Brunswick Associates, L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court elaborated on the definition of "excusable neglect." The Court concluded that the determination of what factors constitute excusable neglect is "... an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498. These factors include (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.*

Select agrees with the general principles set forth in *Pioneer*, but argues that the record falls short of facts which would warrant a conclusion that RCDD did, in fact, meet its burden as set forth in *Pioneer*. Select alleges that Thomas C. Smith's conduct was inexcusable neglect since he was properly served and he disregarded the command of the Summons. RCDD argues, however, that their omission was not the type of negligence contemplated by *Pioneer*. RCDD further contends that they acted in good faith and that the delay was not within their reasonable control. RCDD contends that the Summons were not mailed to its regular place of business and that the oversight of not responding to the Complaint is understandable in light of the fact that it came in just as Mr. Smith's other personal mail did, not specifically listing RCDD separately from the other defendants. Lastly, RCDD argues that if the Motion is not granted, RCDD will be prejudiced and that the note holders will not be prejudiced. RCDD contends that if it is unable to defend against the subordination of claims sought by Select, it will be in default and the holders of the bond will be greatly harmed because they will receive the funds they are entitled to receive under the first bond issue. Moreover, the noteholders do not have a mortgage on the real estate holdings of the Debtor. They are merely holders of unsecured notes although Chess Trustee Corporation, acting as Indenture Trustee, has a mortgage which is junior to the statutory lien of RCDD. Chess Trustee Corporation also claims to have a security interest on intangibles, the funds generated from the sale of lots and possible funds generated from other sources.

In *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir.1996), the Eleventh Circuit Court of Appeals followed the reasoning of *Pioneer* and applied a balance test based upon the relevant circumstances for the delay. Ultimately, the Court in *Cheney* determined the late filing to be an innocent oversight and found no evidence of bad faith which would warrant forfeiture of the Appellant's right to a full trial of his cause. *Id.* at 850. *See also Advanced Estimating System Inc. v. Riney*, 77 F.3d 1322 (11th Cir.1996) (citing *Pioneer's* standard of excusable neglect as an "elastic concept" based upon the court's discretionary judgment.)

Further, in support of RCDD's timely filed Motion, RCDD relies on the Eleventh Circuit case of, *Florida Physician's Insurance Company v. Ehlers*, 8 F.3d 780 (11th Cir.1993). There, the Court reasoned that defaults are viewed with disfavor because of the strong policy of determining cases on their merits. *Id.* at 783. In *Florida Physician's Insurance Company, supra*, the court followed the reasoning that in order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a

meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *Id.* The Court reasoned that since the burden of proving all three elements was not met, the Court would not allow the entry of a default judgment, instead favoring a trial on the merits of the case.

In the present case, RCDD contends that it has a meritorious defense. The basis of the Complaint is an alleged misrepresentation in connection with the issuance of the unsecured promissory notes which had nothing to do with the transaction surrounding the sale of the notes. RCDD, therefore, requests that this Court set aside the entry of the default judgment and instead allow a trial on the merits of its cause of action for fraudulent misrepresentation.

■ It should be pointed out that as a general proposition, courts do not favor disposition of legitimate disputes by default and lean over backwards to relieve defaults if the party seeking the relief was diligent and had a legitimate defense against the claim asserted. While it is true that the party seeking the relief has the burden pointed out by the Supreme Court in *Pioneer, supra,* and the Eleventh Circuit in *Cheney, supra; Advanced Estimating System, supra;* and *Florida Physician's, supra,* the burden is not difficult to overcome. A plausible explanation which supports the relief sought shall suffice and warrants the granting of such relief. In the present instance, the Court having reviewed the relevant portion of the record is satisfied that, in fairness, RCDD and First Union should be entitled to present their defenses and, therefore, this Court finds that their Motions well taken and should be granted.

### *MOTION TO INTERVENE*

■ The final matter under consideration is a Motion to Intervene filed by First Union. First Union requests that this Court grant its Motion to Intervene which would allow them to join as a defendant in the above-captioned adversary proceeding in order to protect the bondholders of the first bond issue pursuant to the Indenture Trust. The right to intervene is governed by F.R.Civ.P. 19 and F.R.Civ.P. 20 as adopted by F.R.B.P. 7019 and F.R.B.P. 7020. Rule 7019, provides that a person shall be joined as a party in action,

... except that (1) if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceeding and (2) if an entity joined as a party properly and timely raises the defense of improper venue, the court shall determine, as provided in 28 U.S.C § 1412, whether the party shall be transferred to another district or whether the entire adversary proceeding shall be transferred to another district.

In addition, Rule 7020, provides,

All persons may join in one action as defendants if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

This Court is satisfied that under F.R.B.P. 7020, a permissive joinder of the parties is appropriate in the present instance and, therefore, First Union's Motion to Intervene in the above-captioned adversary proceeding is well taken.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions For Relief From Default and Default Judgment filed by RCDD and First Union be, and the same are hereby, granted and the Partial Final Judgment of Default Against Defendants Taylor, Brown and The Riverwood Community Development District entered on September 23, 1997, is hereby set aside. The Defendants shall have fifteen (15) days from the date of this Order to file their respective answers or other responsive pleadings to the Complaint.

It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Intervene filed

by First Union be, and the same is hereby granted. First Union is authorized to intervene and shall have fifteen (15) days from the date of this Order to file an answer or other responsive pleading to the Complaint.