In re ATLANTIC INTERNATIONAL MORTGAGE HOLDING INC., American Mortgage Capital, Inc, and Atlantic International Mortgage Company, Debtors.

Steven Oscher, Liquidating Trustee for Atlantic International Mortgage Company, Plaintiff,

v.

Stephen Maner Crawford, Defendant.

Bankruptcy Nos. 00–18055–ALP to 00–18057–ALP.

Adversary No. 02–00962–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 8, 2005.

Geoffrey S. Aaronson, Miami, FL, for Debtors.

Jeffrey W. Warren, Lead Attorney, Karen Cox, Lead Attorney, Bush, Ross, Gardner, Warren & Rudy, T. Patrick Tinker, Lead Attorney, Office of the U.S. Trustee, Tampa, FL, for trustees.

### ORDER ON VERIFIED MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

#### (Doc. No. 51)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is a Verified Motion to Set Aside Default and Default Judgment filed by Stephen Crawford (Defendant). The Complaint in this adversary proceeding was filed by Steven Oscher, Liquidating Trustee for Atlantic International Mortgage Company (Trustee) who seeks a money judgment against Stephen Crawford.

In support of his Motion, the Defendant contends that the default was the result of the excusable neglect of his counsel and,

therefore, should be set aside. The Trustee argues that this Court should uphold the default in his favor because the circumstances do not meet the excusable neglect standards established by case law. The facts relevant to the issue under consideration as established by the record, are without dispute and are as follows.

As noted earlier, on November 20, 2002, the Trustee filed a Complaint which sought to recover a money judgment representing the amount the Defendant received as payment for his services as a criminal defense attorney for the former officers of Atlantic International Mortgage Holdings, Inc., American Mortgage Capital Inc., and Atlantic International Mortgage Company (collectively, the Debtors). In his Complaint, the Trustee claimed that the checks drawn and made payable to the Defendant were funds of the Debtors' estate and such payments were not authorized, therefore, the Defendant should be compelled to return the funds to the estate. In opposing and challenging the Trustee's claims, the Defendant contends that the funds that he received in the representation of these officers were not funds of the Debtors' estate and, therefore, he should not be compelled to return the funds to the estate.

In due course, the Defendant filed his Answer, Defenses and Demand for Trial by Jury. On September 19, 2003, the Trustee filed a Motion to Amend Complaint, which this Court granted. On October 24, 2003, the Defendant filed a Motion to Dismiss the Adversary Proceeding. The Court denied that Motion. On May 13, 2004, the Trustee filed a Second Amended Complaint.

On May 19, 2004, the Defendant filed his Motion to Strike Second Amended Complaint. On July 13, 2004, this Court entered its Order Denying Motion to Strike Second Amended Complaint and granted the Defendant ten (10) days to respond to the Second Amended Complaint. On July 28, 2004, the Defendant filed a Motion to Dismiss the Second Amended Complaint, which this Court also denied. The Court granted the Defendant twenty (20) days from the date of the Order in which to answer the Second Amended Complaint. The due date for the Defendant to file his Answer to the Second Amended Complaint was September 13, 2004.

On October 14, 2004, one month after the due date for filing the Answer, the Defendant had not filed an Answer. Accordingly, the Trustee filed a Motion for Entry of Default and a Motion for Final Judgment. On October 15, 2004, the Clerk entered the Default against the Defendant. The Defendant was served with a copy of the Motion for Entry of Default and filed an Answer on October 19, 2004. On October 21, 2004, this Court entered an Order granting the Motion for Final Judgment and entered the Final Judgment for the Trustee in the amount of $90,779.19. On October 25, 2004, the Defendant filed his Verified Motion to Set Aside Default and Default Judgment (Doc. No. 51), which is the Motion presently before this Court.

The Defendant's counsel contends that his failure to timely plead, although embarrassing, is excusable and, therefore, under Fed.R.Civ.P. 60(b) as adopted by Rule 9024 of Fed. R. Bankr.P., he is entitled to the relief he is seeking and should be relieved from the final default judgment entered against him. In support of his Motion, the Defendant cites *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In *Pioneer,* the Court fixed the bar date to file proofs of claim for August 3, 1989. The notice was sent to Mark A. Burlin (Burlin), the president of the corporate general partners of each of the respondents. Burlin actually attended the meet-

ing of creditors on May 5. The following month Burlin retained an experienced bankruptcy attorney, Marc Richards (Richards). Burlin stated in his affidavit that he provided Richards with a complete copy of the entire case file, which included the notice to creditors informing them of the bar date to file proofs of claim. Burlin also stated in his affidavit that he inquired of Richards whether there was a deadline for filing claims and Richards assured him that no bar date had been set and there was no urgency to file a proof of claim.

The Respondents filed their proof of claim on August 23, 1989, or twenty (20) days past the bar date. The Respondents also filed a Motion to extend a time for filing proof of claims. The Bankruptcy Court refused the late filing, relying on the precedent from the Court of Appeals for the Eleventh Circuit, in which the Court held that a party may claim "excusable neglect" only if its " 'failure to timely perform a duty that was due to circumstances which were beyond [its] reasonable [c]ontrol.' " (quoting *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (C.A.11 1985)). *Id.* at 385, 113 S.Ct. 1489. The Bankruptcy Court, finding that the Respondents received the notice of the bar date and could have complied, ruled that they could not claim "excusable neglect." *Id.*

On appeal, the District Court affirmed in part and reversed in part and rejected the narrow reading of the requirement of "excusable neglect," and concluded that the more liberal approach adopted by the Sixth Circuit would be more appropriate. The District Court remanded the matter with directions to evaluate the Respondents' conduct against several factors, including: "(1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect." *Id.* The District Court further suggested that the Bankruptcy Court should consider whether the failure to comply with the bar date "resulted from negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." *Id.* at 386, 113 S.Ct. 1489. (quoting *In re Dix,* 95 B.R. 134, 138 (9th Cir. BAP 1988) (in turn, quoting *In re Magouirk,* 693 F.2d 948, 951 (C.A.9 1982))).

On remand, the Bankruptcy Court applied the so-called *Dix* factors and again denied the Respondents' Motion. The Bankruptcy Court concluded that the ruling in the Respondents favor, notwithstanding the actual notice of the bar date, "would render nugatory the fixing of the claims bar date in this case." *Id.* The District Court affirmed the ruling of the Bankruptcy Court. The Court of Appeals for the Sixth Circuit reversed and, based on the fact that Burlin had inquired from its counsel whether there were any impending filing deadlines and had been told none existed, the Court of Appeals ruled that the Bankruptcy Court had "inappropriately penalized the [respondents] for the errors of their counsel." *Id.* The Supreme Court, because of the conflict with the Court of Appeals concerning "excusable negligent," granted certiorari and affirmed the decision of the Sixth Circuit.

Concerning the standard and its affirmance of the Sixth Circuit, the Supreme Court stated that it is in substantial agreement with the factors identified by the Court of Appeals in the last analysis, that is, whether or not a failure to perform is "excusable" would involve equitable considerations and taking into account of "all relevant circumstances surrounding the

parties' omission." *Id.* at 398, 113 S.Ct. 1489. These factors include: the danger of prejudice to the debtor; the length of the delay; its potential impact on judicial proceeding; the reason for the delay, including whether it was within the reasonable control of the movant and that the movant acted in good faith.

The Supreme Court noted that, "in assessing the culpability of the respondents' counsel, they were unwilling to give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.* The Supreme Court emphasized that the notice of the bar date provided by the Bankruptcy Court was outside the ordinary course in bankruptcy cases. As the Court of Appeals noted, ordinarily the bar date "should be prominently announced and accompanied by an explanation of its significance." *Id.* The Supreme Court agreed that the notice in this case left "a dramatic ambiguity" in the notification. Based on the foregoing, the Supreme Court concluded that based on "the unusual form of notice employed in this case requires a finding that the neglect of the respondents' counsel under all circumstances," was "excusable." *Id.* at 399, 113 S.Ct. 1489.

■ The Defendant's counsel in the matter before this Court argues that, considering all of the factors present in this case, that his client should not have to suffer for a mistake made by his office procedures. The Defendant points out that on September 13, 2004, the courthouse was closed due to an impending hurricane and that the many closures and power outages that occurred in the surrounding weeks due to the hurricanes created problems with his office procedures.

The Defendant also cites *In re Osborne*, 379 F.3d 277 (5th Cir.2004), which applies the *Pioneer* standard. The Fifth Circuit in *Osborne* held that despite the attorney's negligence in not responding to a motion to lift the automatic stay after ninety-three (93) days, the default judgment should be set aside. The Court in *Osborne* reasoned that the equities overall weighed heavily in favor of setting aside the default. The Court further reasoned that upholding the default would have a more adverse effect against the defaulting debtor because her house would be sold. *Id.* at 284. However, setting the default aside would only harm the non-defaulting creditor by requiring it to receive plan payments instead. *Id.*

The Trustee heavily relies on the Eleventh Circuit Court of Appeals case of *In re Worldwide Web Systems Inc.*, 328 F.3d 1291 (11th Cir.2003). The Eleventh Circuit upheld a default entered against an attorney who failed to respond to requests for discovery. The Court held that the Defendant, Valdez, had the burden to prove the factors of Pioneer and that he "had not met that burden that the Bankruptcy Court abused its discretion." *Id.* at 1295. The Court reasoned that to provide a meritorious defense a party cannot give merely a "general denial." *Id.* at 1296. This Court is unable to find any statement in the decision of the Supreme Court in *Pioneer* to the effect that the party who seeks the relief of a default must provide a meritorious defense and a general denial will not suffice.

This proposition is somewhat surprising because under the rules of pleading governed by Fed.R.Civ.P. 8 as adopted by Rule 7008(b) of Fed. R. Bankr.P. "[a] party shall state in short and plain terms that the party's ... shall admit or deny the availment upon which the adverse party relies." This Court is not aware of any rule which requires a defendant in its answer to provide evidence of its defense to the claim asserted against it in the complaint. Equally, there is nothing in the

*Dix* factors that there is such a requirement.

The Trustee also points to the Court's holding in *Worldwide, supra,* that there was some prejudice to the non-defaulting party resulting from the delay caused by the Defendant. The Trustee argues that the same prejudice exists in this case and, that combined with the lack of meritorious defenses, should tip the balancing test's scales in favor of denying the Motion to Set Aside the Default. There is no question that the Defendant flatly denied in his Answer the very heart of the Trustee's Complaint, that is, that the funds he received where not the property of the estate of the Debtor.

This Court is at a loss to understand what type of proof a defendant can possibly prove to establish a negative, since it is clear that the burden of proof is for the Trustee to establish that the funds received by the Defendant were funds of the estate of the Debtor. The real test is whether or not there is a required showing of the totality of the picture that equitable consideration should control the issues before this Court. Based on the same, and taking into account the prejudice for the delay of twenty (20) days in an Adversary Proceeding which is still in its embryonic stage, even though it was filed in 2002, would be prejudice to the Plaintiff.

■ Although the reason given by the Defendant's counsel for not filing a timely Answer lacks some clarity, this Court is satisfied that there is a major unresolved issue, and that is the source of the funds involved in this law suit. In addition, it is widely recognized that courts disfavor default judgments when such unresolved issues remain. *See In re Riverwood Land Co.,* 216 B.R. 985 (Bankr.M.D.Fla.1997). Therefore, this Court reluctantly finds that the Motion should be granted and the Default Judgment entered on October 20, 2004, should be vacated.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Verified Motion to Set Aside Default and Default Judgment (Doc. No. 51) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Answer to Amended Complaint Defenses and Demand for Jury Trial (Doc. No. 47), filed on October 19, 2004, shall stand. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be held on march 29, 2005, beginning at 1:45 p.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, to establish discovery deadlines and to prepare the matter for trial.

DONE AND ORDERED.