UNITED VAN LINES, LLC, Greenmount
Moving & Storage, Inc., Plaintiffs,

v.

John GUILLORY and Marlon
Dakers, Defendants.

No. 6:03 CV 885 ORL 18JG.

United States District Court,
M.D. Florida,
Orlando Division.

July 14, 2005.

Lawrence J. Roberts, Lawrence J. Roberts
and Associates, P.A., Coral Gables, FL, for
Plaintiffs.

John Guillory, Miami, FL, pro se.

Marlon Dakers, Houston, TX, pro se.

## ORDER

G. Kendall SHARP, District Judge.

THIS CAUSE comes before the Court
upon *pro se* Defendants' motion for relief
from judgment (Doc. 19, filed January 25,
2005), to which Plaintiffs responded in op-
position (Doc. 21, filed February 4, 2005).
Although Defendants replied to Plaintiffs
response, the reply is stricken due to De-
fendants failure to comply with *Local Rule*
3.01.[1]

Plaintiffs United Van Lines LLC and
Greenmount Moving & Storage, Inc. claim
that Defendants failed to pay for rendered
transportation services and filed a complaint
for enforcement of possessory carrier's and

---

1. Defendants filed a reply (Doc. 23, filed Febru-
ary 25, 2005), to which Plaintiffs moved to strike
(Doc. 26, filed February 28, 2005), and to which
Defendants responded in opposition (Doc. 27,
filed March 9, 2005). The Court grants Plain-
tiffs' motion to strike. Plaintiff failed to request
permission to file a reply pursuant to *Local Rule*
3.01(b).

warehouseman's liens on June 26, 2003. Default Final Judgment was entered against Defendants John Guillory and Marlon Dakers on April 1.2004 (Doc. 16.)

In its motion for relief from judgment, Defendants state that they have not had any type of communication with Plaintiffs. Although it is unclear, Defendants also seem to state that they are in settlement negotiations with Barrieau Moving, which they allege is an agent of United Van Lines. Finally, Defendants explain that relief from judgment is appropriate because Guillory, who is incarcerated at Federal Miami Camp Institution in Miami, Florida, was surprised by notice of the default final judgment on January 14, 2005.

"A district court may set aside a default judgment on the basis of 'mistake, inadvertence, surprise, or excusable neglect.' or for 'any other reason justifying relief from the judgment.'" *African Methodist Episcopal Church, Inc. v. Ward,* 185 F.3d 1201, 1202 (11th Cir.1999) (quoting *Fed.R.Civ.P.* 60(b)(1), (6)). "[T]o establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co., Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990)).

█ Defendants fail in all three respects. First. the motion does not provide a meritorious defense for Plaintiffs' claim of unpaid services. Although Defendants stated that they never had any communication with Plaintiffs. Defendants fail to address United Van Lines' bill of lading that was signed by Guillory. *See* Compl., Ex. A.

█ Second, nothing in the motion suggests that Plaintiffs would not be prejudiced by setting aside default judgment. Plaintiffs

filed the complaint in June, 2003 and attest to having incurred considerable legal fees since that time. (Doc. 12 at 8–9.) Moreover, Guillory entered into a settlement agreement with Plaintiffs on January 9, 2004. but has failed to pay the Plaintiffs. (Doc. 12 at ¶ 13–16. Ex. C.) Defendants provide no explanation as to why such delays and costs in the resolution of this matter have not affected Plaintiffs in a prejudicial manner.

█ Finally, Defendants state that Guillory was "surprised" by receiving Plaintiffs' notice of Final Default Judgment on January 14, 2005. Although Guillory may have been unaware of the order of Final Default Judgment, there is no indication that either Defendant was unaware of the complaint filed against them. With the Court's approval, the Defendants published a Notice of Action in the *Orlando Sentinel* on November 23, 2003.[2] Additionally, it is especially difficult to believe that Guillory failed to become aware of the complaint given that the January, 2004 settlement agreement identified this case on page two of the agreement. On the bottom right hand corner of that page is Guillory's initial. (*See* Doc. 21 at ¶ 13: Ex. C.)

### CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Plaintiffs' motion to strike (Doc. 26) Defendants' reply (Doc. 23) is **GRANTED**.

2. Defendants' motion for relief from judgment (Doc. 19) is **DENIED**.

3. Defendants' motion for copies of all docket documents (Doc. 20) is **DENIED**. Copies of past docket documents are available to Defendants by contacting the Middle District of Florida Clerks Office and paying the required copying sending fees.

---

**2.** Prior to this Court's approval of constructive notice of process. Plaintiffs made fourteen attempts to serve Guillory at his 5281 Jade Circle, Orlando residence, including one attempt where

the server made contact with Guillory's mother. As recently as March 29, 2004, Guillory listed his address as 5281 Jade Circle, Orlando. (Doc. 21, ¶ 17, Ex. E.)

4. All other pending motions are **DE-NIED** as moot.