[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13402
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cv-61436-JIC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2011
JOHN LEY
CLERK

TARA PRODUCTIONS, INC.,
a Florida corporation,

                                                    Plaintiff - Appellee,

versus

HOLLYWOOD GADGETS, INC.,
a Nevada corporation, et al.,

                                                    Defendants,

JUDA LEVIN,

                                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(December 30, 2011)

Before CARNES, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

This appeal arises from a suit by Tara Production ("Tara") to recover royalty payments from Juda Levin in connection with Tara's production of a television commercial for a product known as the Kinoki Footpad. After Levin failed to respond to Tara's Second Amended Complaint, participate in discovery, and appear for the December 9, 2010 calendar call, the district court entered a default judgment against Levin in the amount of $438,813.91. The same court later denied Levin's motion to vacate the default judgment.

On appeal, Levin raises three challenges. First, he challenges the district court's decision to enter a default judgment against him. Levin claims he actively defended himself against Plaintiff's claims and that any failure to respond in a timely or appropriate fashion should be attributed to his pro se status and poor health. Second, Levin argues that the district court's denial of his motion to vacate the default judgment was an abuse of discretion because he had successfully established all three elements of excusable neglect under Federal Rule of Civil Procedure 60(b)(1). Finally, Levin insists the district court erred by not holding an evidentiary hearing on damages, given that the damages were contested. After thorough review, we affirm.

## I.

We review the district court's decision to enter a default judgment for an abuse of discretion. Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 898 (11th Cir. 1990). We have stated that "[a]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or . . . [makes] findings of fact that are clearly erroneous." Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (quotation marks omitted).

Under Federal Rule of Civil Procedure 55(a), the entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). While the filings of a pro se party are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), a pro se litigant is not exempt from this rule, see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se [in forma pauperis] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.).

Based on a thorough review of the record, we conclude the district court did not abuse its discretion. Levin failed to comply with the court's order to respond to the Second Amended Complaint by May 7, 2010 and did not produce anything that could have conceivably amounted to a response for six additional months.[1] Consequently, in its November 30, 2010 order, the court put Levin on notice that he still had not yet responded to the Second Amended Complaint and asked him to show cause by December 7, 2010. After this deadline also passed without the filing of a proper response, the district court entered default judgment against Levin. In light of Levin's "repeated failure" to respond to the Second Amended Complaint, together with his failure to respond to the district court's orders and "to cooperate in good faith with Plaintiff," we cannot say the court abused its

---

[1] The document that Levin ultimately submitted was simply a memorandum written in opposition to Tara's motion for summary judgment. Under the Federal Rules of Civil Procedure, this did not qualify as a response to the Second Amended Complaint, even if construed liberally.

discretion when it entered default judgment under Rule 55.[2]  <u>See</u> Fed. R. Civ. P.

55(a), (b)(2).

II.

"We reverse the district court's denial of a motion to set aside a default

judgment only if the district court abused its discretion in denying the motion."

<u>Fla. Physician's Ins. Co., Inc. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993).

"Although there is a 'strong policy of determining cases on their merits,'" we have

recognized that "the district court ha[s] a 'range of choice' and that we cannot

reverse just because we might have come to a different conclusion had it been our

call to make."  <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922, 934 (11th Cir. 2007).

A default final judgment may be vacated if there is excusable neglect.  Fed.

R. Civ. P. 60(b)(1).  To establish excusable neglect, the defaulting party must

show that: "(1) it had a meritorious defense that might have affected the outcome;

---

[2] The district court could also have acted within its discretion had it entered a default judgment against Levin under Federal Rule of Civil Procedure 37.  Levin did not appear at the October 15, 2010 deposition in New Jersey for which he was duly noticed, and did not respond to written discovery requests.  In addition, he neither complied with the court's order that he participate in the preparation of the "Joint Pretrial Stipulation," nor responded by the deadline to the court's order to show cause for his "failure to respond to discovery and failure to appear for deposition."  Finally, Levin failed to appear at the December 9, 2010 Calendar Call.  Since sanctions up to, and including, entry of default judgment are permissible where a party has failed to comply with a court order to "provide or permit discovery," Fed. R. Civ. P. 37(b)(2), attend its own deposition, answer interrogatories, or respond to a request for production, Fed. R. Civ. P. 37(d), we observe that entry of a default judgment could have been appropriate alternatively under this basis.

(2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citation omitted). If no good reason for failing to respond to the complaint has been shown, excusable neglect cannot be established. See Eurisol, 488 F.3d at 934 (concluding that because the defaulting party had failed to show good reason for failing to respond to the complaint, excusable neglect had not been established).

Seeing no error in the district court's assessment that Levin failed to provide a good reason for not responding to the Second Amended Complaint, we conclude that Levin has failed to establish excusable neglect. The record reveals that in the seven-month period between the filing of the Second Amended Complaint and entry of default judgment, Levin exhibited a pattern of inexplicably evasive behavior, underscored by his repeated failure to comply with the court's orders, including its order directing him to respond to the Second Amended Complaint by May 7, 2010. Levin may have been impaired by his stroke in early 2009 and by his pro se status. But, on this record, we cannot set aside the district court's refusal to credit Levin's claims of extreme impairment. Nor can we say that the district court inflexibly or impatiently enforced procedural rules against an uninformed or unsophisticated pro se defendant. Indeed, even after the court-

6

ordered deadline had lapsed, the court gave Levin a number of chances over many months to file a proper response to the Second Amended Complaint. "[T]aking into account the totality of the circumstances surrounding [Levin's] omission," Eurisol, 488 F.3d at 934, we cannot conclude that the district court erred in finding that Levin failed to excuse his neglect.

### III.

We review the district court's refusal to hold an evidentiary hearing to determine damages for abuse of discretion. SEC v. Smyth, 420 F.3d 1225, 1230 (11th Cir. 2005).

Under Rule 55(b), the district court "may conduct hearings . . . when, to enter or effectuate [a default] judgment, it needs to: . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2). "[S]peak[ing] of evidentiary hearings in a permissive tone," however, Rule 55(b)(2) does not mandate an evidentiary hearing in all circumstances. Smyth, 420 F.3d at 1232 n.13. Rather, it leaves the decision to hold an evidentiary hearing to the court's discretion.

We conclude the district court did not abuse its discretion. Tara provided evidentiary material from third parties to support its request for the specific

7

amount of damages it sought. By contrast, Levin made "unsupported claims" that "failed to controvert the record." We have held that "mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005). We believe the same principle applies in the default judgment context here. Because Levin failed to provide material that controverted the amount of damages that Tara was seeking, the district court did not abuse its discretion in finding that an evidentiary hearing was unnecessary.

**AFFIRMED.**